```
1  DALE L. ALLEN, JR., # 145279
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendants
   CITY OF EMERYVILLE, OFFICERS
6  ROBERT ALTON, MICHAEL ALLEN,
   S. ANDRETICH AND DAN DIOTALEVL
7  .
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. COLE,<br><br>           Plaintiff,<br><br>vs.<br><br>CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH, DAN DIOTALEVL and FOUR (4) additional unknown officers<br><br>           Defendant. | Case No. CV 08-2360<br><br>DEFENDANTS CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH AND DAN DIOTALEVL'S MOTION TO STRIKE PORTIONS OF PLAINTIFF PAUL D. COLE'S COMPLAINT (F.R.C.P. 12(f))<br><br>Date:      September 12, 2008<br>Time:      10:00 a.m.<br>Courtroom: 8, 19th floor<br>Judge:     Hon. Charles R. Breyer |

TO THE COURT AND PLAINTIFF *IN PRO SE* PAUL D. COLE:

NOTICE IS HEREBY GIVEN that September 12, 2008, at 10:00 a.m., in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendants CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH and DAN DIOTALEVL ("Defendants") will, and hereby do, move the Court to issue an order striking the following portions of plaintiff PAUL D. COLE's ("Plaintiff") complaint in the above-captioned matter without leave to amend:

  1.   "a.   An injunction order to the City of Emeryville to establish effective preventative
            mechanisms to ensure that discriminatory conspiracy, retaliation, false arrest and

harassment do not continue in the future," at 6:25-27;

2. "c. An award of statutory damages and penalties pursuant to Civil Code § 52(b)," at 7:2;

3. "and reasonable attorney fees pursuant to 42 U.S.C. 1988, Civil Codes [sic] 52(b) and 52.1(h) and Code of Civil Procedure 1021.5," at 7:3-4.

The grounds for this motion are that the above prayers for relief constitute immaterial and impertinent matter pursuant to F.R.C.P. 12(f) because (1) Plaintiff alleges no continuing harm and is thus not entitled to injunctive relief; (2) Plaintiff's claim for violation of California Civil Code § 52.1 fails to state a claim for relief, thus precluding statutory damages pursuant to § 52(b); and (3) Plaintiff is appearing in this action *pro se* and is thus not entitled to recover attorney's fees.

The motion is based on this Notice, the Memorandum of Points and Authorities below, the Motion to Dismiss filed concurrently herewith, the pleadings and papers filed herein, and on such oral and/or documentary evidence as may be presented at the hearing of this motion.

### STATEMENT OF RELIEF SOUGHT

Defendants respectfully request that the Court issue an order granting the present motion and striking the following portions of Plaintiff's complaint as immaterial and impertinent matter pursuant to F.R.C.P. 12(f):

1. "a. An injunction order to the City of Emeryville to establish effective preventative mechanisms to ensure that discriminatory conspiracy, retaliation, false arrest and harassment do not continue in the future," at 6:25-27;

2. "c. An award of statutory damages and penalties pursuant to Civil Code § 52(b)," at 7:2;

3. "and reasonable attorney fees pursuant to 42 U.S.C. 1988, Civil Codes [sic] 52(b) and 52.1(h) and Code of Civil Procedure 1021.5," at 7:3-4.

In the alternative, Defendants respectfully request that the Court issue an order striking any one or more of the above portions of Plaintiff's complaint as immaterial and impertinent matter pursuant to F.R.C.P. 12(f).

///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

This motion presents the following issues for decision: (1) whether Plaintiff, who alleges no continuing harm, is entitled to the injunctive relief he seeks; (2) whether Plaintiff may recover statutory damages pursuant to California Civil Code § 52(b); and (3) whether *pro se* Plaintiff may recover attorney's fees under federal or state law.

## II. STATEMENT OF FACTS

Defendants' Motion to Dismiss (F.R.C.P. 12(b)(6)) filed concurrently herewith contains a detailed summary of Plaintiff's factual allegations and the contents of the exhibits attached to his complaint. The following facts are relevant for purposes of the present motion:

Plaintiff is appearing in this action *pro se*. (Complaint at 1:6.) He does not allege that he is suffering any continuing wrong due to the conduct he attributes to Defendants in his complaint. (*See* Complaint.) Plaintiff's complaint contains a prayer for an "injunction order to the City of Emeryville to establish effective preventative mechanisms to ensure that discriminatory conspiracy, retaliation, false arrest and harassment do not continue in the future[.]" (Complaint at 6:25-27.) It also contains a prayer for an "award of statutory damages and penalties pursuant to Civil Code § 52(b)[.]" (Complaint at 7:2.) In addition, Plaintiff seeks to recover "reasonable attorney fees pursuant to 42 U.S.C. 1988, Civil Codes [sic] 52(b) and 52.1(h) and Code of Civil Procedure 1021.5[.]" (Complaint at 7:3-4.)

## III. ARGUMENT

### A. Applicable Law.

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996); *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974).

///

///

### B. Plaintiff Is Not Entitled to Injunctive Relief Because He Alleges No Continuing Harm.

Plaintiff seeks "[a]n injunction order to the City of Emeryville to establish effective preventative mechanisms to ensure that discriminatory conspiracy, retaliation, false arrest and harassment do not continue in the future." (Complaint at 6:25-27.) While equitable relief is available in lawsuits brought pursuant to 42 U.S.C. § 1983, the relief must actually be remedial, i.e., it must actually right the wrongs of which the plaintiffs complain. *See Milliken v. Bradley (Milliken II)*, 433 U.S. 267, 282 (1977). Common examples of § 1983 suits in which equitable relief is appropriate include school-desegregation and prison-condition cases. *See, e.g., id.; see, e.g., Hutto v. Finney*, 437 U.S. 678, 687 (1978).

Here, Plaintiff has not alleged that he suffers any continuing wrong due to the supposedly ineffective preventative mechanisms established by the City of Emeryville. Accordingly, even if he had stated any valid claim for relief, granting the prayer for injunctive relief would not right the wrongs of which Plaintiff complains. This prayer should thus be stricken pursuant to F.R.C.P. 12(f).

### C. Because Plaintiff's Complaint Does Not State a Claim for Violation of California Civil Code §§ 51.7, 51.9 or 52.1, Plaintiff May Not Recover Statutory Damages Pursuant to Civil Code § 52(b).

Plaintiff seeks statutory damages pursuant to California Civil Code § 52(b), which provides for compensatory damages, exemplary damages, a civil penalty and attorney's fees based on a violation of Civil Code § 51.7 or § 51.9. Plaintiff's complaint does not allege a cause of action for violation of those sections, and this prayer for relief thus fails on that basis alone. Assuming that Plaintiff is referring to his sixth cause of action, for violation of Civil Code § 52.1, this prayer for relief also has no merit. As discussed in the Motion to Dismiss Plaintiff's Complaint filed concurrently herewith, Plaintiff's claim for violation of § 52.1 fails because Plaintiff has not alleged actual or attempted threats, intimidation or coercion on the part of any defendant. Accordingly, Plaintiff's prayer for statutory damages and penalties pursuant to Civil Code § 52(h) is not supported by the allegations in his complaint as a matter of law. The prayer should thus be stricken pursuant to F.R.C.P. 12(f).

### D. Pro Se Plaintiff Paul Cole May Not Recover Attorney's Fees as a Matter of Law.

As a plaintiff appearing *in pro per*, Plaintiff is not incurring any costs for attorney's fees and thus cannot recover such costs under either federal or state law.

-4-

### 1   Plaintiff May Not Recover Attorney's Fees Pursuant to 42 U.S.C. § 1988.

42 U.S.C. § 1988(b) provides that, in a suit brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" But all circuits agree that *pro se* litigants who prevail in § 1983 are not entitled to an award of attorney's fees. *Gonzales v. Kangas*, 814 F.2d 1411, 1411-1412 (9th Cir. 1987) (citing consistent decisions from various Courts of Appeals). The reason for this principle is that awarding attorney's fees only to represented parties promotes the interests of obtaining independent counsel for victims of civil rights violations and ensuring the effective prosecution of meritorious claims. *Kay v. Ehrler*, 499 U.S. 432, 437 (1991).

Here, Plaintiff Paul Cole is appearing *in pro per*, i.e., he is not represented by independent counsel. The award of attorney's fees pursuant to 42 U.S.C. § 1988 is thus precluded. Accordingly, that portion of Plaintiff's fourth prayer for relief should be stricken.

### 2   Because Plaintiff Is Not Incurring Attorney's Fees, He May Not Recover Attorney's Fees Under California Law.

Plaintiff's fourth prayer for relief requests that the court award "reasonable attorney's fees pursuant to ... Civil Codes 52(b) and 52.1(h) and Code of Civil Procedure 1021.5." (Complaint at 7:3-4.) California Civil Code § 52(b)(3) provides for an award of attorney's fees, and § 52.1(h) provides that the court "may award the . . . plaintiff reasonable attorney's fees" in cases arising under that section. California Code of Civil Procedure § 1021.5 provides for the award of attorney's fees to a successful plaintiff in public-interest litigation.

Recovery of costs and attorney's fees for causes of action under California law is governed by Code of Civil Procedure §§ 1032 and 1033.5. Section 1032 provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." C.C.P. § 1032(b). Section 1033.5 provides that attorney's fees are allowable costs to be recovered when authorized by statute. C.C.P. § 1033.5(a)(10)(B). However, section 1033.5 also provides that:

> (c)   Any award of costs shall be subject to the following:
>
> (1)   Costs are allowable if incurred, whether or not paid.

C.C.P. § 1033.5(c)(1).

Here, Plaintiff is representing himself and is thus not incurring any costs for attorney's fees. He

is therefore not entitled to recover attorney's fees based on his California causes of action as a matter of law. Accordingly, the complaint's fourth prayer for relief requesting an award of attorney's fees should be stricken in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion and issue an order striking the following prayers for relief from Plaintiff's complaint: (1) prayer for injunctive relief; (2) prayer for statutory damages and penalties pursuant to California Civil Code § 52(b); and (3) prayer for attorney's fees pursuant to federal and state statutes.

Dated: July 31, 2008.

LOW, BALL & LYNCH

By /s/
DALE L. ALLEN, JR.
DIRK D. LARSEN
Attorneys for Defendants
CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH AND DAN DIOTALEVL