```
 1  DALE L. ALLEN, JR., # 145279
    DIRK D. LARSEN, # 246028
 2  LOW, BALL & LYNCH
    505 Montgomery Street, 7th Floor
 3  San Francisco, California  94111-2584
    Telephone (415) 981-6630
 4  Facsimile (415) 982-1634

 5  Attorneys for Defendants
    CITY OF EMERYVILLE, OFFICERS
 6  ROBERT ALTON, MICHAEL ALLEN,
    S. ANDRETICH AND DAN DIOTALEVL
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. COLE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH, DAN DIOTALEVL and FOUR (4) additional unknown officers,<br><br>　　　　Defendants. | Case No. CV 08-2360 CRB<br><br>DEFENDANTS' CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH AND DAN DIOTALEVL'S CASE MANAGEMENT STATEMENT<br><br>Date:　　　August 21, 2008<br>Time:　　　8:30 a.m.<br>Courtroom:　8, 19th Floor<br>Judge:　　　Hon. Charles R. Breyer |

Pursuant to Civil L.R. 16-9, defendants CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH and DAN DIOTALEVL ("Defendants") respectfully submit the following Case Management Statement:[1]

1.　<u>Jurisdiction and Service</u>:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 in that plaintiff PAUL D. COLE's ("Plaintiff") first through fifth causes of action arise under 42 U.S.C. § 1983, and his sixth, state-law cause of action arises from the same operative set of facts as the § 1983 causes of action.

Defendant City of Emeryville has been served. The individual defendants have not been served, but

---

[1] Because plaintiff Paul D. Cole is not represented by counsel, Defendants submit this statement separately pursuant to Civil L.R. 16-9(a).

1  have filed a motion to dismiss Plaintiff's complaint and motion to strike portions of that complaint.

2  2.    Facts:

3  This lawsuit arises out Plaintiff's arrest for threatening one Steven Milton in violation of California Penal Code § 140(a) (threat of force or violence because of assistance in a prosecution. Milton was in a Pak 'N Save store in Emeryville on April 4, 2007, when he was approached by Plaintiff. Milton identified Plaintiff as the brother of a man who committed a murder that Milton witnessed in 2003, and whom Milton testified against. According to Milton, Plaintiff said to him, "you snitched on my brother and we're gonna get you right now." Plaintiff then called someone on his cell phone and walked away. Milton stated that he was in fear for his safety because he believed that Cole and his brothers would attempt to kill him.

Milton called the police, and Emeryville Police Officer Andretich was dispatched to the Pak 'N Save store along with Officers Costello, Cassianos, and Sgt. Sierras. The officers could not locate Plaintiff at the store. They noted that Milton was visibly shaken. Milton reported the events described in the preceding paragraph, and stated that he had been advised to contact Sgt. Green of the Oakland Police Department if he was ever threatened or harassed by a member of the Cole family. Milton told the officers that there were several witnesses to the crime; however, none of the witnesses stayed in the area to provide a statement.

Officer Alton recorded that he showed Milton a photograph of Plaintiff obtained from CAL PHOTO, and that Milton identified Plaintiff as the person who threatened him. Officer Alton telephoned Sgt. Green, who informed him that Milton and Milton's wife had been key witnesses in the murder trial of Plaintiff's brother, and had been moved to Yuba City due to threats they had received. Officer Alton presented the case to the district attorney's office, which charged Plaintiff with a felony violation of California Penal Code § 140(a). On April 30, 2007, Plaintiff was arrested by officers of the Oakland Police Department; the defendant officers were not present at the arrest.

Plaintiff alleges that he and Milton "only made eye contact from about 15-20 feet away." According to Plaintiff, the officers would have discovered that Milton's statement was "made up fiction" if they had reviewed the store's surveillance video.

a.    Factual Issues in Dispute:

It appears from the complaint that Plaintiff disputes Milton's statement to the effect that Plaintiff and Milton engaged in a verbal exchange inside the Pak 'N Save. However, this point is immaterial to the causes of

action alleged against Defendants.

3. <u>Legal Issues</u>:

(1) Whether Defendants can be held liable under Plaintiff's first cause of action for "violation of constitutional right to be free from conspiracy;" (2) whether Defendant City of Emeryville can be held liable under Plaintiff's second cause of action for failure to train officers adequately; (3) whether Defendants can be held liable under Plaintiff's third cause of action for violation of the First and Fourteenth Amendments to the U.S. Constitution; (4) whether Defendants can be held liable under Plaintiff's fourth cause of action for violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; and (5) whether Defendants can be held liable under Plaintiff's fifth cause of action for violation of the Fourth Amendment to the U.S. Constitution. These issues all depend on resolution of the following questions:

    a. Whether the defendant officers had probable cause to obtain the arrest warrant for Plaintiff's alleged violation of California Penal Code § 140(a);

    b. Whether the defendant officers owed Plaintiff a duty to view a surveillance video that may have recorded the encounter between Plaintiff and Milton.

The following legal issues are also in dispute: (1) whether Defendants can be held liable under Plaintiff's sixth cause of action for violations of California Penal Code § 422.6(a) and Civil Code § 52.1; (2) whether Plaintiff can obtain injunctive relief; (3) whether Plaintiff can recover statutory penalties pursuant to California Civil Code § 52(b); and (4) whether *pro se* Plaintiff can recover attorney's fees under any theory.

4. <u>Motions</u>:

Defendants have filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (FRCP 12(b)(6)), and a motion to strike Plaintiff's prayers for injunctive relief and for the recovery of statutory penalties and attorney's fees. The hearing of this motion is scheduled for September 12, 2008, at 10:00 a.m.

If the pending motion to dismiss does not result in complete dismissal of all claims, Defendants anticipate filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>:

Defendants propose a deadline of December 1, 2008, for the amendment of pleadings.

6. <u>Evidence Preservation</u>:

Defendants have taken the steps necessary to preserve any evidence relating to this lawsuit.

7.     Disclosures:

Defendants anticipate making their initial disclosure pursuant to FRCP 26(a)(1) within 14 days after the August 21, 2008 case management conference.

8.     Discovery:

No discovery has been completed.  Defendants propose that the scope of discovery be defined by the Federal Rules of Civil Procedure.

9.     Class Actions:

This case is not suitable for consideration as a class action.

10.    Related Cases:

Defendants are not aware of any related cases.

11.    Relief:

Plaintiff seeks the following relief: (1) "[a]n injunction order to the City of Emeryville to establish effective preventative mechanisms to ensure that discriminatory conspiracy, retaliation, false arrest and harassment do not continue in the future;" (2) compensatory damages according to proof; (3) "[a]n award of statutory damages and penalties pursuant to Civil Code § 52(b);" (4) "[a]n award of costs, expenses and reasonable attorney fees pursuant to 42 U.S.C. 1988, Civil Codes [sic] 52(b) and 52.1(h) and Code of Civil Procedure 1021.5;" and (5) such other relief as the Court deems proper.

12.    Settlement and ADR:

The parties have stipulated to Early Neutral Evaluation as ADR process, to be completed within 90 days from the date of the ADR order.  Defendants will file the ADR Stipulation and [Proposed] Order once Plaintiff executes and returns the copy Defendants provided to him.

//

13.    Consent to Magistrate Judge For All Purposes:

Defendants do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14.    Other References:

Defendants do not believe that this case is suitable for reference to binding arbitration, a special master,

or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

Defendants believe that the issues listed under 3., above, can be narrowed or resolved through rulings on their pending motions to dismiss and strike, described under 4., above.

16. Expedited Schedule:

This case is not appropriate for an expedited schedule.

17. Scheduling:

Defendants propose the following trial and pre-trial dates:

| | |
|---|---|
| Trial: | July 13, 2009 |
| Pre-trial conference: | July 7, 2009 |
| Expert discovery cut-off: | June 15, 2009 |
| Non-expert discovery cut-off: | March 31, 2009 |
| Disclosure of experts: | May 11, 2009 |
| Dispositive motion hearing: | April 10, 2009 |

18. Trial:

Defendants request a jury trial, and anticipate a trial length of 5 to 7 days.

19. Disclosure of Non-party Interested Entities or Persons:

Defendant City of Emeryville is a governmental entity exempt from the Civil L.R. 3-16's requirement of disclosure of non-party interested entities or persons. Defendants Allen, Alton, Andretich and Diotalevl have filed a Certification of Interested Entities or Persons stating that there is no such interest to report.

//

//

20. Other Matters:

Defendants are aware of no other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 14, 2008.

                LOW, BALL & LYNCH

By     /s/    Dale L. Allen, Jr.
    DALE L. ALLEN, JR.
    DIRK D. LARSEN
    Attorneys for Defendants
    CITY OF EMERYVILLE, OFFICERS
    ROBERT ALTON, MICHAEL ALLEN,
    S. ANDRETICH AND DAN DIOTALEVL

*Paul D. Cole v. City of Emeryville, et al.*
United States District Court Case No. CV 08-2360 CRB

# PROOF OF SERVICE

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following documents enclosed in a sealed envelope on the addresses as listed:

**DOCUMENT:**  DEFENDANTS' CITY OF EMERYVILLE, OFFICERS ROBERT ALTON, MICHAEL ALLEN, S. ANDRETICH AND DAN DIOTALEVL'S CASE MANAGEMENT STATEMENT

**ADDRESSES:**
Paul David Cole
P.O. Box 24669
Oakland, CA 94623
510-393-8820 cell
510-723-0767 work
*In Pro Se*

[X]  **(BY MAIL)**  I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ]  **(BY PERSONAL SERVICE)**  I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ]  **(BY FACSIMILE)**  I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ]  **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

[ ]  **(BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED)**   I placed a true copy, enclosed in a sealed, postage-paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on August 14, 2008.

   /s/   M. Kathryn Mansfield
M. Kathryn Mansfield